[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 30, 2009
THOMAS K. KAHN
CLERK

No. 09-10190
Non-Argument Calendar

_____

Agency No. A097-643-727

ANDRES RAMOS VAIL,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 30, 2009)

Before HULL, WILSON and FAY, Circuit Judges.

PER CURIAM:

Andres Ramos Vail, a native and citizen of Guatemala proceeding *pro se* on

appeal, seeks review of the decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") order of removal and denial of his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16(c).

Before the IJ and the BIA, Vail argued that he was persecuted based on his membership in a particular social group, testifying that members of the Maras criminal gang threatened his life for refusing to join them and came to his house at least twice. The IJ found Vail credible, but that he had not established harm that rose to the level of past persecution or a well-founded fear of future persecution. Further, the IJ found that because Vail did not meet his burden of proof for asylum, he necessarily failed to meet the higher burden for withholding of removal, and was also ineligible for CAT relief. The BIA dismissed Vail's appeal, agreeing with the IJ that Vail's credible account of threats from gang members who were trying to recruit him, without physical or other harm, did not establish past persecution or a well-founded fear of future persecution. The BIA further noted that resistance to gang recruitment is not a basis for asylum, and that Vail failed to offer any other challenge to the IJ's decision.

On appeal, Vail argues for the first time that he was persecuted based on his

membership in the particular social group of the Mayan Indians. He contends that he and his family were threatened because they are Mayan, and argues that the IJ failed to take into account the cumulative effect of the multiple harms he suffered at the hands of the Maras.

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion. Insofar as the Board adopts the IJ's reasoning, we will review the IJ's decision as well." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001) (citations omitted). Because the BIA agreed with the IJ's findings, we review the decisions of both the IJ and the BIA. *See id.*

To the extent that the IJ's and the BIA's decisions were based on a legal determination, review is *de novo*. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 817 (11th Cir. 2004). Factual determinations are reviewed under the substantial evidence test, which requires us to "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1029 (11th Cir. 2004) (en banc). We must affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *D-Muhumed*, 388 F.3d at 818 (quotation omitted). "To reverse the . . . fact findings, we must find that the record not only supports reversal, but compels it." *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003).

3

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General or Secretary of the Department of Homeland Security has discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. 8 C.F.R. § 208.13(a); *Al Najjar*, 257 F.3d at 1284. To establish eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a well-founded fear that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a) and (b); *Al Najjar*, 257 F.3d at 1287.

The BIA has held that a "particular social group" refers to persons who "share a common, immutable characteristic . . . such as sex, color, or kinship ties, or in some circumstances . . . a shared past experience such as former military leadership or land ownership." *Matter of Acosta*, 19 I. & N. Dec. 211, 233 (BIA

4

1985), *overruled on other grounds by Matter of Mogharrabi*, 19 I. & N. Dec. 439, 447 (BIA 1987). Furthermore, the group must have sufficient "social visibility," and persecution based on membership in a particular social group should not be defined so broadly that it becomes "a catch-all for all groups who might claim persecution . . . ." *Castillo-Arias v. U.S. Att'y Gen.*, 446 F.3d 1190, 1196-98 (11th Cir. 2006); *see also Matter of E-A-G-*, 24 I. & N. Dec. 591, 594-95 (BIA 2007) (holding that "[p]ersons who resist joining gangs have not been shown to be part of a socially visible group within Honduran society.").

Furthermore, "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, [while] . . . mere harassment does not amount to persecution." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (per curiam) (quotations and alteration omitted). In determining whether an alien has suffered past persecution, the fact-finder must consider the cumulative effects of any alleged incidents. *Delgado v. U.S. Att'y Gen.*, 487 F.3d 855, 861-62 (11th Cir. 2007) (per curiam).

To establish a well-founded fear of future persecution, the applicant must show that there is a "reasonable possibility" of suffering persecution if he returns to his home country. *Mejia v. U.S. Att'y Gen.*, 498 F.3d 1253, 1256 (11th Cir. 2007) (quotation omitted). The fear of persecution must be "subjectively genuine and objectively reasonable." *Al Najjar*, 257 F.3d at 1289. "The subjective

5

component is generally satisfied by the applicant's credible testimony that he or she genuinely fears persecution," and "[i]n most cases, the objective prong can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution." *Id.* (quotation omitted). The alien must show a nexus between a statutorily protected ground and the feared persecution, and he can do so by presenting "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" the statutorily listed factor. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005) (quotation omitted).

However, the alien does not need to prove that he would be "singled out" for persecution if (1) there is a "pattern or practice" of persecution against similarly situated individuals and (2) his or her inclusion within that group of individuals makes fear of persecution reasonable. *See* 8 C.F.R. § 208.13(b)(2)(iii). Once an applicant makes an initial showing of fear of future persecution, the government may rebut his evidence by "demonstrating, based upon a preponderance of the evidence, that the applicant could avoid future persecution by relocating within the country if, under all the circumstances, it would be reasonable to expect the applicant to do so." *De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999, 1008 (11th Cir. 2008) (quotation omitted).

Because Vail raises for the first time on appeal that he was persecuted

6

because he is Mayan, we lack jurisdiction to consider that argument. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam) (stating that the exhaustion requirement is jurisdictional, such that we lack jurisdiction to consider an alien's challenge to the IJ's determination that was not raised before the BIA). Further, Vail failed to raise any argument in his brief about the denial of CAT relief and thus has abandoned that issue. *See Sepulveda*, 401 F.3d at 1228 n.2.

As for Vail's argument that the IJ failed to consider the cumulative effect of the multiple harms he suffered at the hands of the Maras, the record shows that Vail has failed to establish past persecution or a well-founded fear of future persecution on account of a statutorily listed factor. First, Vail does not identify the particular social group to which he allegedly belongs; we agree with the IJ that if the group is young men in Guatemala who have been threatened with harm due to their refusal to join a gang, the group fails to meet the definition of a particular social group as defined under the INA. *See Castillo-Arias*, 446 F.3d at 1196-98; *Acosta*, 19 I. & N. Dec. at 233. This group is overly broad, Vail presented no evidence of its social visibility, and the group's defining attribute would be its persecution by gangs. *See id.* Further, the BIA has held that persons who resist gang membership do not constitute a "socially visible group." *E-A-G-*, 24 I. & N. Dec. at 594-95.

7

Yet even if Vail had established membership in a statutorily protected group, substantial evidence supports the IJ's and BIA's finding that Vail failed to show past persecution. Vail's allegations of persecution rest on two visits to his house by members of the Maras, who threatened to kill him if he refused to join the gang or went to the police. Under our case law, this conduct does not compel the conclusion that Vail suffered past persecution, particularly in light of his testimony that he suffered no physical harm. *Sepulveda*, 401 F.3d at 1231.

The record also supports the finding that Vail failed to establish a well-founded fear of future persecution and that such fear was reasonable. Again, the only basis for his claim of fear of future persecution were two threats by the Maras. Vail failed to present "specific, detailed facts showing a good reason to fear that he . . . will be singled out for persecution on account of" a statutorily listed factor. *Forgue*, 401 F.3d at 1286; *Al Najjar*, 257 F.3d at 1287 (quotation omitted). Moreover, because Vail failed to establish eligibility for asylum, his withholding of removal claim necessarily fails. *Sepulveda*, 401 F.3d at 1232-33 (a petitioner must demonstrate that it is "more likely than not" that he would be persecuted if he were to return to his country of origin, a more stringent standard than required for asylum eligibility).

Thus, we conclude that substantial evidence supports the IJ's and the BIA's determination that Vail has not shown past persecution on account of a protected

ground or a reasonable fear of future persecution if he were to return to Guatemala. Thus, he is ineligible for asylum and necessarily cannot meet the more stringent standard for withholding of removal. Accordingly, we deny Vail's petition as to asylum and withholding of removal, and dismiss his petition as to CAT relief.

**PETITION DENIED IN PART, DISMISSED IN PART.**